UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELINA PROIA,

Plaintiff,

-v-

CIVIL ACTION NO. 25 Civ. 3894 (SLC)

K HEALTH, INC.,

**ORDER**

Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

On March 12, 2026, Defendant K Health, Inc. ("Defendant") filed a letter motion requesting that the Court enter a clawback order pursuant to Federal Rule of Evidence ("FRE") 502(d) or schedule a conference to address Plaintiff Angelina Proia's ("Plaintiff") "refusal to agree to a clawback provision pursuant to [FRE] 502(d)." (Dkt. No. 30 (the "Motion")). Plaintiff opposes the Motion. (Dkt. No. 31 (the "Opposition")).

The Court directs the parties' attention to the Report of Rule 26(f) Conference and Proposed Case Management Plan, submitted jointly by the parties on July 17, 2025, (Dkt. No. 17), and So Ordered by the undersigned on July 23, 2026. (Dkt. No. 19 (the "CMP")). The CMP provides:

> **Fed. R. Evid. 502(d).** The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

(Dkt. No. 19 at 5).

In the Opposition, Plaintiff objects to the FRE 502(d) clawback provision because it is "unnecessarily restrictive, prejudicial to Plaintiff, and could potentially result in Defendant withholding pertinent information and/or documentation under the guise of privilege that does not apply[,]" and "Defendant's [] stereotypical and conclusory statements [] do not establish its entitlement [to a FRE 502(d) clawback provision]." (Dkt. No. 31 at 3). Given the CMP, however, in which Plaintiff already agreed that "[t]his paragraph shall be interpreted to provide the maximum protection permitted by [FRE] 502(d)[,]" Plaintiff's objection to the FRE 502(d) clawback provision is **OVERRULED**. (Dkt. No. 19 at 5).

Accordingly, insofar as the Motion requests that the Court So Order a confidentiality order that includes an FRE 502(d) clawback provision, the Motion is **GRANTED**. As for Defendant's request for a discovery conference concerning Plaintiff's "refusal to agree" to the FRE 502(d) clawback provision, we find a conference unnecessary given Plaintiff's agreement to the FRE 502(d) protections in the CMP. (See Dkt. Nos. 19; 30).

On or before **March 23, 2026**, the parties shall meet and confer and jointly submit a proposed confidentiality order consistent with the CMP and this Order and signed by both parties.

Dated:     New York, New York
           March 16, 2026

                                        SO ORDERED.

                                        _____
                                        SARAH L. CAVE
                                        **United States Magistrate Judge**

2