

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, New York 11747


Kelly C. Spina
Shareholder
631.247.4744 direct
631.247.4700 main
631.824.9043 fax
kspina@littler.com

June 12, 2026

<div style="border:1px solid;padding:8px;">

The Court is in receipt of Defendant's letter at Dkt. No. 38 identifying certain discovery issues between the parties and requesting a conference to discuss those issues.  (Dkt. No. 38 (the "Letter")).  An **in-person** conference to discuss the issues raised in the Letter is scheduled for **July 7, 2026 at 11:00 a.m. ET** (the "Conference") in Courtroom 18A, 500 Pearl Street, New York, New York, 10007. Any participant requesting permission to bring an electronic device (e.g., cellphone, laptop, tablet) into the Courthouse for use at the Conference must email to Chambers  (Cave_NYSDChambers@nysd.uscourts.gov)  a  completed  Electronic Device Order on or before **June 30, 2026**.  The Electronic Device Order form is available on the Court's website at https://nysd.uscourts.gov/forms/fillable-form-electronic-devices-general-purpose.

The Clerk of Court is respectfully directed to close Dkt. No. 38.

SO ORDERED.    June 15, 2026

SARAH L. CAVE
United States Magistrate Judge

</div>

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312


Re:    *Angelina Proia v. K Health, Inc.*
       Civil Action No. 25-CV-3894 (SLC)

Dear Magistrate Judge Cave,

This firm represents K Health, Inc. ("Defendant") in the above matter. We write jointly with counsel for Plaintiff, pursuant to the Court's June 8, 2026 Order (Dkt. No. 37) directing the parties to (i) update the Court regarding Plaintiff's production of text messages in a format reflecting date and timestamp information; (ii) identify scheduled deposition dates; and (iii) propose any necessary extension of the fact discovery deadline.

Since the parties' last conference, there have been significant developments concerning Plaintiff's text message production that have given rise to a discovery dispute necessitating judicial intervention. Counsel for the parties (Jesse Rose and Samantha Hudler for Plaintiff and Kelly Spina and Taylor Brodsky for Defendant) met via telephone today for over 20 minutes to discuss these disputes, and remain at an impasse.

## I.    DEFENDANT'S POSITION

Plaintiff previously produced text messages, which did not include reliable metadata reflecting date and time information or complete contents of attachments. Now, in supplementing her production, Plaintiff offers screen recordings of text message conversations in which previously produced messages are missing (*i.e.*, relevant and responsive discovery was deleted during this litigation). Plaintiff also now identifies new text messages that were never produced. For example, Plaintiff exchanged messages with a former colleague concerning his written statement *for this case*, but indicates those messages have been deleted. As reflected in the parties' recent correspondence, attached hereto as **Exhibits A-C**, Defendant's

Hon. Sarah L. Cave
June 12, 2026
Page 2

review of Plaintiff's productions raises substantial concerns regarding completeness and adequacy. Among other issues:

- Plaintiff has produced no text messages prior to 2025, despite having had the same device since January 2023, and the duty to preserve ESI arising in mid-2024 when Plaintiff engaged counsel and filed a Complaint with the New York State Division of Human Rights;

- Plaintiff admits her device was set to auto-delete messages and that backups were overwritten;

- Plaintiff has self-identified messages as irrelevant to her claims, even if exchanged with Defendant's current or former employees or concerning her claims or employment with Defendant, and she deleted them, without backup, to increase storage space; and

- Subsequent productions reveal inconsistencies with earlier productions, including apparent gaps within message threads where messages no longer appear to be on Plaintiff's device.

These issues demonstrate that Plaintiff's production is incomplete and unreliable. Defendant has therefore requested a forensic collection of Plaintiff's device(s) and storage account(s) that may contain backup data relevant to this litigation to obtain a complete, defensible set of responsive communications, including metadata, at Plaintiff's expense. Plaintiff has declined to agree to such a process as outlined below.

Given the fundamental dispute concerning Plaintiff's preservation, collection and production of text messages, Defendant respectfully requests a conference with the Court to further discuss these issues before the parties proceed to depositions.

## II.    PLAINTIFF'S POSITION

Plaintiff Angelina Proia submits this as her position relating to the ongoing discovery dispute and status of discovery following a meet and confer, which took place this morning, June 11, 2026 for approximately thirty (30) minutes via telephone. Plaintiff has in good faith produced all evidence within her control and been forthcoming with opposing counsel regarding those efforts. Despite this good faith, Defendant has levied unfounded allegations of spoliation and threatened sanctions in correspondence with counsel. We ask now that the Court: (1) Order that depositions proceed within the next ninety (90) days to allow for summer schedules; (2) Order that any remaining disputes relating to ESI be addressed following depositions and/or third party third-party and (3) Order that discovery be extended through October 31, 2026.

### I.    This Matter is Not Ripe for Consideration

This dispute relates to the wholly unfounded allegations by Defendant that Plaintiff spoliated evidence. During the meet and confer this morning, Defendant's counsel made it clear that they have no evidence of spoliation. For ESI, Defendant must be able to demonstrate that Plaintiff intended to deprive them of access to ESI, an allegation which they have made but without any factual basis. Indeed, during

littler.com

Hon. Sarah L. Cave
June 12, 2026
Page 3

the meet and confer, Defendant's counsel demanded the right to seek information regarding the ESI during Plaintiff's deposition, and we immediately confirmed that it was both permitted and should be the course of action.

## II.    ESI Dispute

Plaintiff's phone has an auto-delete function for text messages. She did not understand that communications with friends or former coworkers after her termination would be considered relevant. However, upon learning that they could be relevant she preserved whatever she could and produced it. She may have lost some text messages; however, she has confirmed that they were not relevant to the matter. Those messages were stored in an iCloud account, not on her cell phone's memory. Defendant's continued insistence on forensically imaging Plaintiff's cell phone could not obtain the information that they are seeking, because the information was stored in the cloud, not on her phone. During our meet and confer, when I raised this and explained based on my degree in computer science and extensive experience in these matters, that this is not a practical way to obtain the data, Defendant's counsel demurred and stated they would need to consult with their experts, which they apparently had not yet done before sending these demands.

## III.    Defendant's Hypocritical ESI Practices

While Defendant has threatened sanctions against counsel and Plaintiff for not preserving these entirely irrelevant text messages, claiming that our client could not determine if a message related to K Health or her own graduation from school were relevant, Defense counsel confirmed that the only methodology they used to determine whether their own client's managerial-level cell phones contained relevant messages was simply asking the custodians to confirm it. Essentially, they failed to take any independent measures to confirm that relevant information was produced while threatening sanctions against our firm for following the identical process.

We thank the Court for its consideration of this matter.

Respectfully Submitted,
Littler Mendelson, P.C.

*/s/ Kelly C. Spina*

Kelly C. Spina
Taylor M. Brodsky

cc:    all counsel of record via ECF

littler.com